UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **MARTIN J. WALSH**,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Petitioner,<br><br>v.<br><br>**MEDINA, INC.,** a Minnesota Corporation,<br><br>Respondent. | Case No.: 0:21-mc-00074-JRT-ECW<br><br>Hon. Elizabeth Cowan Wright |

## SECRETARY OF LABOR'S MEMORANDUM IN SUPPORT FOR ADJUDICATION OF CIVIL CONTEMPT AGAINST RESPONDENT MEDINA, INC.

Petitioner **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, ("Secretary" or "Department") by counsel, submits this *Memorandum in Support of the Secretary's Motion for Adjudication of Civil Contempt*. Respondent **MEDINA, INC.** ("Medina" or "Respondent") has blatantly ignored the Court's Order to Show Cause ("Order") requiring, in part, Respondent either to show cause, if any, why it should not comply with all the Subpoena's document requests or fully comply with the Subpoena *Duces Tecum*. (ECF No. 6).

### Background

The U.S. Department of Labor's Wage and Hour Division ("Wage and Hour" or "WHD") is investigating Respondent's compliance with the FLSA's requirements pursuant to section 11 of the FLSA. *See* 29 U.S.C. § 211. During its investigation, on June 30, 2021, Wage and Hour issued an administrative Subpoena *Duces Tecum*

("Subpoena") requiring Respondent to produce certain documents to Wage and Hour by July 6, 2021. (ECF No. 1-4). Respondent failed to comply with the subpoena.

On November 8, 2021, the Secretary's Petition for Subpoena Enforcement was filed. (ECF No. 1). On November 9, 2021, Respondent was sent a copy of the Petition for Subpoena Enforcement, Memorandum in Support, and exhibits filed on November 8, 2021. Respondent has failed to comply with the Subpoena, and Respondent has failed to comply with the Court's November 29, 2021 Order to Show Cause. (ECF No. 6).

**A. Respondent Should Be Held in Civil Contempt**

The Secretary bears the burden of proving civil contempt by clear and convincing evidence showing Respondent "fail[ed] to comply with a 'clear and specific'" court order. *Chaganti & Associates, P.C. v. Nowotny*, 470 F.3d 1215, 1223 (8th Cir. 2006) (quoting *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 293 F.3d 409, 418 (8th Cir.2002)). The burden then shifts to Respondent to "show an inability to comply." *Chi. Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 505 (8th Cir. 2000) (quoting *United States v. Rylander*, 460 U.S. 752, 757 (1983)).

The Order clearly and specifically required Respondent to "file a response to the Petition showing cause, if any, why it should not be ordered to comply in full with the Subpoena *Duces Tecum* or . . . comply in full with the Subpoena *Duces Tecum* . . ." (*Id.*). Respondent had knowledge of the Order, as it was delivered by the U.S. Marshals on Respondent. (ECF No. 9).

Respondent has clearly violated the Order, as it has neither shown cause for its failure to comply with the Subpoena nor produced any documents required by the

Subpoena. Respondent's violation is significant, as it has failed to make any attempt to comply with the Court's Order or the Subpoena, resulting in a delay of Wage and Hour's investigation of more than five months. Finally, Respondent has failed to take any steps to comply with the Order, much less reasonable and diligent steps. Therefore, the Secretary has met his burden to show contempt is appropriate by clear and convincing evidence.

    For the same reasons, this Court should also hold in contempt in his individual capacity Mr. David K. Wordlaw, Respondent's CEO and registered agent. Because Mr. Wordlaw manages Respondent actively and controls the records the Secretary has subpoenaed, it is his contumacious conduct that continues to undermine this Court's orders and the Secretary's subpoena enforcement powers. "An order issued to a corporation is identical to an order issued to its officers, for incorporeal abstractions act through agents." *Reich v. Sea Sprite Boat Co.*, 50 F.3d 413, 417 (7th Cir. 1995) (citing *Wilson v. U.S.*, 221 U.S. 361, 376 (1911)). Thus, corporate officers may be held in contempt for the corporation's failure to obey a court order. *Wilson*, 221 U.S. at 376 ("A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt."); *Lopiparo v. United States*, 216 F.2d 87, 92 (8th Cir. 1954) (citing *Wilson*, 221 U.S at 376) ("That a corporate officer who unjustifiably refuses to produce corporate books and records which he has been ordered

to produce may be committed for contempt is not subject to question."); *see also Electrical Workers Pension Trust Fund of Local Union v. Gary's Elec. Service Co.*, 340 F.3d 373, 383 (6th Cir. 2003) (holding "because a civil contempt ruling either attempts to coerce compliance or compensate the complainant for losses, it is fully appropriate to impose judicial sanctions on the nonparty corporate officer") (citing *Wilson*, 221 U.S. at 376); *Sea Sprite Boat Co.*, 50 F.3d 417 (adding corporation's president and sole owner to contempt proceedings to pay corporation's penalty for failing to comply with court order enforcing administrative order of Occupational Safety and Health Review Commission).

Courts in the Eighth Circuit have routinely extended contempt from corporate respondents to their non-party, sole owners or shareholders. *See Jo Ann Howard & Assocs., P.C. v. Cassity,* No. 4:09CV01252 ERW, 2013 WL 6051839, at *8–9 (E.D. Mo. Nov. 15, 2013) (finding *Wilson* applied to former corporate director who had access to subpoenaed documents and servers on which they appeared); *Reed v. A & A Stanley Const., Inc.*, No. CIV. 12-869 MJD/LIB, 2014 WL 6473426, at *6 (D. Minn. Nov. 18, 2014); *Carpenters' Dist. Council of Greater St. Louis & Vicinity v. Rackley Bldg. Grp., LLC*, No. 4:12-CV-1224 CAS, 2014 WL 4749554, at *3 (E.D. Mo. Sept. 24, 2014); *see also See Chicago Truck Drivers,* 207 F.3d at 507 (holding court's orders were binding on the corporation's "sole shareholder, corporate officer and agent, even though the orders made no specific reference to him").  Therefore, this Court should thus extend its contempt of Respondent to Mr. Wordlaw as well.

Respondent has put forth no evidence that it is unable to comply with the Order.

**B. Judicial Sanctions Are Appropriate.**

**1. A Coercive Daily Fine is Required.**

Once the Court finds a party in contempt, it may employ judicial sanctions "to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Chi. Truck Drivers*, 207 F.3d at 505." District Courts are also authorized by statute "to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3).

A coercive fine is appropriate so long as Respondent is given an opportunity reduce or avoid the fine through compliance. *Int'l. Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994). This Court must also consider "the character and magnitude of the harm threatened by continued contumacy, the probable effectiveness of any suggested sanction in bringing about [compliance], and the contemnor's ability to pay." *United States v. Open Access Tech. Int'l, Inc.*, 527 F. Supp. 2d 910, 913 (D. Minn. 2007).

Given Respondent's contumacious conduct with the Court's Order, a daily fine for its continued failure to comply with the Subpoena and an award of reasonable attorney's fees are appropriate. *See, e.g., Lineback v. Cherry Creek Elec., Inc.*, 2016 WL 1714221, at *3 (C.D. Ill. Mar. 23, 2016), *report and recommendation adopted*, 2016 WL 1651793 (C.D. Ill. Apr. 26, 2016). Respondent has not produced any documents or provided any response to indicate willingness to comply. A contempt order is necessary to coerce

Respondent's compliance and to not further delay the Petitioner's investigation of Respondent and any enforcement needed to correct FLSA violations.

The Order compelling production of the documents was insufficient to obtain Respondent's compliance, and the Secretary requests the Court order Respondent to produce all documents within five calendar days, and subject Respondent and to a coercive fine of $250.00 per day for each day they fail to comply. *See, e.g., Sec'y of Labor v. La Bomba Food Rest. Inc.*, No. 20-cv-02678 (N.D. Ill. May 20, 2021) (Judge Martha Pacold entered an order imposing a $250.00 daily fine against respondent for failure to comply with a Wage and Hour subpoena *duces tecum*); *Sec'y of Labor v. River Ranch Bar & Grille, LLC*, 2018 WL 2074161, at *3 (M.D. Fla. Apr. 13, 2018), *report and recommendation adopted*, 2018 WL 2011372 (M.D. Fla. Apr. 30, 2018) (imposing $500 daily fine for failure to comply with default judgment obtained by the Secretary in an FLSA case); *Lineback v. Cherry Creek Elec., Inc.*, 2016 WL 1714221, at *3 (imposing $500 daily fine for failing to comply with order enforcing three subpoenas *duces tecum* issued by the NLRB); *Acosta v. N & B Lundy Corp.*, 2017 WL 1709438, at *3-*4 (M.D. Pa. May 3, 2017) (imposing $250 daily fine for failing to comply with district court order enforcing subpoena *duces tecum* issued by the Secretary); *Hugler v. Guard Servs. Int. Inc.*, 2017 WL 11048839, at *1 (N.D. Ga. Mar. 22, 2017) (imposing $500 daily fine for failing to comply with district court order enforcing subpoena *duces tecum* issued by the Secretary in an FLSA case); and *Chao v. Koresko*, 2005 WL 2521886, slip op. at 7 (3d Cir. Oct. 12, 2005) (affirming $250 per day fine imposed by district court for failure to

comply with administrative subpoena issued by the Secretary). A daily fine of $250 is necessary and appropriate.

**2. The Secretary is Entitled to Attorney's Fees for Enforcing this Petition.**

The Secretary is also entitled to reasonable attorney's fees expended because of the contumacious conduct of Respondent. *See Hartman v. Lyng*, 884 F.2d 1103, 1107 (8th Cir. 1989); *Kehm v. Proctor & Gamble Mfg. Co.*, 724 F.2d 630, 630-31 (8th Cir. 1984); *Chase Industries, Inc., Durus Div. v. Frommelt Industries, Inc.*, 806 F. Supp. 1381, 1388 (N.D. Iowa 1992); *see also Halderman v. Pennhurst State School & Hospital*, 49 F.3d 939, 941 (3d Cir. 1995) (in the context of contempt, "the innocent party is entitled to be made whole for the losses it incurs as the result of the contemnors' violations, including reasonable attorneys' fees and expenses"); *Sec'y of Labor v. La Bomba Food Rest. Inc.*, No. 20-cv-02678 (N.D. Ill. May 20, 2021) (Judge Martha Pacold entered an order requiring a business and its owner to pay $2,975 in attorney's fees at the market rate in a motion for adjudication of civil contempt related to a Wage and Hour subpoena *duces tecum* enforcement matter); *Lineback*, 2016 WL 1714221, at *3-4 (awarding NLRB attorney's fees for enforcing three subpoenas *duces tecum* issued by the NLRB); *Hugler*, 2017 WL 11048839, at *1 (awarding the Secretary's attorney's fees and costs for respondent's failure to comply with district court order enforcing subpoena *duces tecum*); *N & B Lundy Corp.*, 2017 WL 1709438, at *3-*4 (same); *United States v. Fesman*, 781 F. Supp. 511, 516 (S.D. Ohio 1991) (party which failed to comply with order enforcing administrative subpoena required to pay amount which included cost of enforcing order).

In this case, the Secretary requests the Court require Respondent to pay the reasonable attorney's fees incurred by the undersigned attorney in preparing and filing the instant Motion. This Court should "assess the reasonableness of [the Secretary's] fee request according to the familiar 'lodestar method'—that is, the number of hours reasonably expended multiplied by a reasonable hourly rate." *Walman Optical Co. v. Quest Optical, Inc.*, 11-CV-0096 PJS/JJG, 2012 WL 3248150, at *11 (D. Minn. Aug. 9, 2012) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Here, the Secretary's counsel has experience in enforcing various labor and employment laws for which the U.S. Department of Labor is responsible before District Courts and administrative tribunals. *See* Declaration of Attorney Kevin J. Koll in Support of Motion for Adjudication of Civil Contempt, attached hereto as Exhibit B. The Secretary's counsel has worked for the U.S. Department of Labor since August 2015 and has been licensed since 2014. Therefore, a market rate of $175/hour is proper. *See, e.g., Kapellusch v. Bold Salons LLC*, No. 18-C-843, 2019 WL 402865, at *1 (E.D. Wis. Jan. 31, 2019) (awarding rate of $350 per hour to plaintiff's attorney based in Brookfield, Wisconsin in an FLSA case); *Heuberger v. Smith*, 2019 WL 3030312, at *5 (N.D. Ind. Jan. 4, 2019) (awarding rate of $450 per hour to plaintiff's attorney based in St. Louis, Missouri in an FLSA class action case); *Bainter v. Akram Invs., LLC*, 2018 WL 4943884, at *5 (N.D. Ill. Oct. 9, 2018) (awarding rates of $550-$700 per hour to plaintiff's lead attorneys based in Chicago, Illinois in an FLSA class action case). This rate is also reasonable in light of the U.S. Attorney's Office Attorney's Fee Matrix – 2015-2020. See https://www.justice.gov/usao-dc/page/file/1189846/download (determining $319 per hour

is a reasonable rate for attorneys with less than two years of experience in the District of Columbia). The undersigned attorney spent a total of five hours preparing this Motion. Therefore, the Secretary is entitled to $875 in reasonable attorney's fees. (See Ex. B).

**C. This Court Should Toll the Statute of Limitations Until Respondent Complies Fully with the Subpoena.**

Due to Respondent's disobedient conduct delaying compliance, the Secretary respectfully requests this Court issue an Order tolling the statute of limitations from July 16, 2021, the date Respondent first failed to comply with the Secretary's Subpoena *Duces Tecum*, until such date as the Secretary informs the Court that Respondent has complied in full. (ECF No. 1). Courts may equitably toll "a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). "Congress is presumed to incorporate equitable tolling into federal statutes of limitations because equitable tolling is part of the established backdrop of American law." *Id.* at 11 (citing *Rotella v. Wood*, 528 U.S. 549, 560 (2000)). Respondent's continued avoidance has resulted in an extreme delay of Wage and Hour's investigation. Therefore, the Secretary requests this Court toll the statute of limitations until such a date the Secretary informs the Court Respondent has complied with the Subpoena in full.

**D. The Secretary Requests Leave to File Additional Sanctions.**

Due to the noncompliant nature of the Respondent and previous failure to comply with this Court's Order, the Secretary respectfully asks for leave to file additional sanctions for this matter at a later time. Respondent's failure to comply with the

Subpoena enforcement process and this Court's Order caused harm and continues to delay the investigation. As important government resources are used to investigate, the harm from Respondent's continued refusal to produce the documents increases.

## Conclusion

For all the foregoing reasons, the Secretary respectfully requests that his Motion for Adjudication of Civil Contempt be granted and enter an order:

A. Holding **MEDINA, INC.** in civil contempt of Court;

B. Holding Mr. **DAVID K. WORDLAW** in civil contempt of Court;

C. Ordering the U.S. Marshals service to personally serve one copy of the Secretary's Motion for Adjudication of Civil Contempt, Memorandum in Support, Supporting Exhibits and Proposed Order on **MEDINA, INC.** and **DAVID K. WORDLAW**;

D. Ordering Respondents **MEDINA, INC.** and **DAVID K. WORDLAW** to produce all responsive Subpoena documents to the Secretary within five calendar days of receipt of the Order by the U.S. Marshals Service;

E. Subjecting **MEDINA, INC.** and **DAVID K. WORDLAW** to a coercive fine of $250 per day for each subsequent day (after personal service of the Order by the U.S. Marshals Service) they fail to comply with this Court's November 29, 2021 Order to Show Cause (ECF No. 6) and fail to produce documents and comply with the Subpoena *Duces Tecum;*

F. Directing **MEDINA, INC.** and **DAVID K. WORDLAW** to pay the Secretary a compensatory fine equal to attorney's fees of $875;

G. Tolling the statute of limitations from July 16, 2021, the date **MEDINA, INC.** and **DAVID K. WORDLAW** first failed to comply with the Secretary's Subpoena *Duces Tecum*, until such a date as the Secretary informs the Court that **MEDINA, INC.** and **DAVID K. WORDLAW** have complied in full;

H. Granting the Secretary leave to file additional sanctions against **MEDINA, INC.** and **DAVID K. WORDLAW** at a later date, if they fail to comply;

I. For such other and further sanctions and relief that the Court finds appropriate.

    Respectfully submitted,

    **SEEMA NANDA**
    Solicitor of Labor

    **CHRISTINE Z. HERI**
    Regional Solicitor

P.O. Address:

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844

Chicago, IL 60604
Telephone No.: 312/353-7836
Fax No.: 312/353-5698
E-mail: flores.nicholas.r@dol.gov
       koll.kevin.j@dol.gov

/s/ *Kevin J. Koll*
**KEVIN J. KOLL**
Trial Attorney
Illinois Attorney Registration No: 6317579

/s/ *Nicholas R. Flores*
**NICHOLAS R. FLORES**
Trial Attorney
Illinois Attorney Registration No: 6321863

Attorneys for **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, Petitioner

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Memorandum in Support of the Secretary's Motion for Adjudication of Civil Contempt Against Respondent*, and accompanying exhibits, of the Secretary of Labor were served upon all parties in the above entitled and numbered cause by depositing the same via UPS, in an envelope addressed to Respondent's last known business address:

>Medina, Inc.
>15231 Brockton Lane N
>Dayton, MN 55327
>
>David K. Wordlaw
>15231 Brockton Lane N
>Dayton, MN 55327

Certified this 11th day of January, 2022.

>*/s/ Nicholas R. Flores*
>**NICHOLAS R. FLORES**
>**Trial Attorney**